UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO A BELLO-TENORIO,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,<br><br>         Respondents. | Case No.: 3:26-cv-00616-RBM-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Alejandro A Bello-Tenorio's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

### I. BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States on May 23, 2022. (Doc. 1 at 18, Declaration of Alejandro Bello-Tenorio ("Bello-Tenorio Decl."), ¶ 2.)[1] In July 2022, the Department of Homeland Security ("DHS") released Petitioner on parole. (*Id.* ¶ 3.) On October 21, 2025, DHS officers arrested Petitioner, his son, and three other co-workers while they were on their way to work. (*Id.* ¶¶ 6–9; Doc. 1 ¶ 28.) On December 16, 2025, an immigration judge denied Petitioner's request for a custody redetermination, finding that he lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1  (BIA 2025).  (Doc. 1 ¶ 31.)

2      On January 30, 2026, Petitioner filed the Petition.  (Doc. 1.)  On February 3, 2026, the Court set a briefing schedule.  (Doc. 3.)  On February 6, 2026, Respondents filed their Return to Petition ("Response").  (Doc. 4.)  Petitioner had until February 10, 2026 to file an optional reply, but he did not file any reply.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims that the revocation of his parole without a hearing and his continued detention violate the court's orders in *Bautista v. Santacruz*[2] and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 35–47.)  Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*, is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  (Doc. 4 at 2.)  But Petitioner argues that the Court should order his immediate release.  (Doc. 1 ¶¶ 1, 43–47, Prayer for Relief ¶ b.)  Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.  The Court next addresses whether Petitioner is entitled to immediate release.[3]

---

[2]  *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

[3]  The Court notes that Respondents did not respond to Petitioner's argument that

2

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court must consider: (1) "the private interest that will be affected by the official action;" (2) the "risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

All three factors support a finding that Respondents' revocation of Petitioner's parole without an opportunity to be heard deprived Petitioner of his due process rights. First, Petitioner has a significant liberty interest in remaining out of custody pursuant to his parole. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions of release.'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

---

immediate release is proper. "Generally, a party waives argument when it fails to respond to an argument made to the court." *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)). Therefore, this alone may be grounds to grant Petitioner's immediate release.

"Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without . . . giving [him] an opportunity to be heard." *Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding where the petitioner "has not received any bond or custody redetermination hearing," the "risk of an erroneous deprivation of liberty is high"). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community." *Pinchi*, 792 F. Supp. 3d at 1035 (citing *Zadvydas*, 533 U.S. at 690). Here, there is no evidence that Petitioner's detention would serve either purpose. "Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017); *see also Salazar*, 2025 WL 3063629, at *3 ("Since DHS's initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed."). To the contrary, since Petitioner was granted parole in July 2022, he "has been working and taking care of his wife and son." (Doc. 1 ¶ 46; *see also id.* at 16 (Form I-213 noting that a criminal history records check "revealed no criminal records on file").)

Third, Respondents' interest in detaining Petitioner without a hearing is low. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); *Pinchi*, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest."). "Therefore, because Respondents detained Petitioner by revoking [his] parole in violation of the Due Process Clause, [his] detention is unlawful." *Salazar*, 2025 WL 3063629, at *5.

Based on this review of the *Mathews* factors, the Court concludes that due process requires Petitioner to be released from custody and receive a bond hearing before an

immigration judge before he can be re-detained. To the extent Respondents argue that Petitioner is entitled only to a bond hearing, this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION[4]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive notice of the reasons for revocation of his parole and a hearing before an immigration judge to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[5] that Petitioner

---

[4] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[5] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings*, 583 U.S. 281 (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing

poses a danger to the community or a risk of flight.[6]

**IT IS SO ORDERED.**

DATE:  February 13, 2026

                                                    HON. RUTH BERMUDEZ MONTENEGRO
                                                    UNITED STATES DISTRICT JUDGE

---

evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

[6] This relief has been granted in similar matters. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Pinchi*, 792 F. Supp. 3d at 1038; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1044 (N.D. Cal. 2025); *Salazar*, 2025 WL 3063629, at *6.